Now consider case number 21-8010, United States v. Shakespeare. Mr. Jackson, are you ready to proceed? Yes, Your Honor. May it please the Court and opposing counsel, Robert Jackson, appearing on behalf of the defendant appellate Laquan Shakespeare. The mandatory revocation and mandatory minimum sentence provisions at 18 U.S.C., section 3583K, are unconstitutional. This Court and the Supreme Court have both said as much. And Mr. Shakespeare presents two claims in relation to his being sentenced to a mandatory minimum term of 60 months imprisonment. First, Mr. Shakespeare presents the same violation as was at issue in Haines. He was revoked for committing a specified sex offense, which in turn triggered a mandatory term of re-imprisonment for at least five years. Because Shakespeare's punishment was premised upon the new offense, his revocation more closely resembled the prosecution for a new offense than a regular revocation proceeding. Yet he wasn't afforded all of the rights attendant a new criminal prosecution. Second, and alternatively, Mr. Shakespeare incurred a double jeopardy violation because he was prosecuted and sentenced to 293 months on the new offense and then sentenced to 60 months re-imprisonment in relation to the revocation. Normally, this wouldn't be an issue, but 3583K serves to punish for the new offense as opposed to regular revocations, which are tied to the original offense of conviction pursuant to the well-known framework at 3583E3, where the revocation term is tied to the severity of the initial offense. Given these dual circumstances in play, Mr. Shakespeare's case must be remanded to the district court for resentencing pursuant to subsection E3, where he will face a maximum term of imprisonment of two years. You acknowledge that the standard review is plain error? Yes, Your Honor. So this is to be clearly erroneous. It's got to be a clear violation of double jeopardy, for example. Yes, Your Honor, and I believe it is. The standard review is plain error because there wasn't a single whisper of Heyman below in the district court. The probation office didn't mention Heyman in its violation report. Defense counsel didn't mention Heyman. The important thing is defense counsel didn't mention it. That's the most important thing. That triggers the plain error, yes, Judge. The fact that others missed it is not, I don't think, relevant here. So let's start with double jeopardy. What authority do you have that this type of revocation proceeding, even though it is required to be proved to a jury beyond a reasonable doubt, this type of revocation proceeding creates a double jeopardy problem when there's both revocation of probation and conviction of the new offense? Because ordinarily that's not a problem. When you revoke probation, you can revoke probation, send someone to jail. If this weren't mandatory, for example, the judge could have imposed the exact same sentence and there wouldn't be any double jeopardy problem. Isn't that correct? That's correct, Your Honor. In the Johnston context of revocation, the revocation penalty is considered part of the penalty for the initial offense. And this is still a revocation penalty. The difference is that unlike most revocations, which are determined by a judge on a preponderance of the evidence standard, here to revoke under this provision, guilty under reasonable doubt to a jury. But it's still a revocation. It's still part of the original sentence. Maybe there's a good argument. Well, there is a decent argument for double jeopardy. But we're confronted with plain error review here. And I don't think there's a single case out there that addresses this issue. How can we say it's plainly, the district judge plainly erred? Judge, you posed two questions there. And I want to make sure I answer both of them. Okay. Okay, I'll take the plain error question first. With respect to double jeopardy, the errors plain. And I talked about the Tennessee case in my brief. And there, this court said that for an error to be plain, either the 10th circuit or the Supreme Court must have addressed the situation. This court did address the double jeopardy angle in Hamand 1. In the Hamand case, it decided. And it talked about, hey, watch out. While it's not an issue here in Hamand, if the defendant was also prosecuted for the new offense, we would have a double jeopardy issue on our hands. We'd have an issue. First of all, that's clearly dictum. But did they say we'd have an issue or would clearly violate the prohibition on double jeopardy? The court said it would violate the prohibition because the defendant would be, quote, charged and punished twice for the same offense. And that Hamand 1 decision relied on the earlier 2017 case of United States versus Collins, Justice Holmes' decision. Excuse me, Judge Holmes' decision. And in Collins, the court said the same thing. We cannot premise the revocation penalty, the length of the revocation penalty on the new offense conduct because that would be a violation of the Fifth and Sixth Amendments, including double jeopardy. As for your second question, Your Honor, is this proceeding still a revocation? Well, Justice Breyer made that distinction. And I think in name only is this 3583K proceeding a revocation. And Justice Breyer made that distinction based upon his three criteria, the 3583K revocation most closely resembles a new prosecution. And that's because subsection K is only triggered upon commission of certain enumerated federal sex offenses. Second, subsection K completely removes a district court's discretion to determine if imprisonment is warranted and for how long that imprisonment should be warranted. Did the prevailing plurality in Hamand Supreme Court, did it adopt the same view as Justice Breyer on that point? Justice Gorsuch took a different approach. He adopted the ring revolution and the Apprendi line of cases in his analysis and the plurality opinion. Did it address, did the Gorsuch opinion address double jeopardy? Your Honor, I believe there was maybe one sentence in there that teased at it, but I'm not going to say, and I'm not going to tell you that it directly addressed double jeopardy. Because Justice Breyer's opinion may be the controlling authority because it's the narrow on the requirement of a trial by a jury with the requirement of proof beyond a reasonable doubt. But that doesn't mean everything Justice Breyer said in his concurrence is Supreme Court authority. If he's the only one who mentioned the double jeopardy issue and said, you know, suggested there's a double jeopardy violation, that would not be controlling authority from our point of view. It's just what one justice, and we have to respect his opinion, of course. But if he's alone in that regard, I don't think that would be authority. Probably on stronger ground with the 10th Circuit opinion, although that was dictum, obviously. Your Honor, I don't read Justice Breyer's narrow concurrence to discuss double jeopardy, and I'm sorry if I gave the court that. Oh, okay. Okay. Okay. I thought you were saying, I thought when you were giving authority for the double jeopardy argument, it was discussed in Hammond 1, and then I thought you were turning to the Supreme Court and saying they also said it. I apologize if I misunderstood. Well, I do want to make sure I answered both of your earlier questions. I think you inquired if this was still a revocation proceeding. Okay. That's what I was getting to. Okay. Justice Breyer said, well, in name only, it is. It really looks a lot more like a new prosecution to me. I think that's what Justice Breyer was getting at. Let's turn to the other issue. We took more time on that than I expected. Why don't you address that? Definitely. Okay. Mr. Shakespeare has two very viable. Issues here. And with respect to the first issue, that's the same. Issue raised in the. In the Haman case. Can we constitutionally have a revocation? That's not tied to the initial offensive conviction. And instead it's tied to the new offense conduct. Constitutionally. I just don't. Counsel isn't the difference. Between Haman and this case. And in this case. Mr. Shakespeare admitted. Everything. So there was no need for a jury trial. As suggested by the Supreme court in. In the Haman case. So. That's a distinction. That I don't think makes a difference, your honor. And I don't think it makes a difference. For a number of reasons. The first of those reasons being Haman went. And pled guilty. In. November of 2020 to the new offense. And then it wasn't until December. That the government sprung. The violation petition on him. So there was a lack of. Of knowing waiver, knowing. Stipulation of the vibe. So the revocation. Also. So. I guess I'm not following that. In Haman, the court said. He's entitled to a jury trial on the issues. In the revocation. Action. And he didn't get it. And he didn't get a jury trial. And he didn't get a jury trial. And he is entitled to have a player approved. You're on a reasonable doubt. In this case. Mr. Shakespeare pled guilty. So the underlying, as well as the. Overlying. Cases. And so there was no issue there that he was deprived of.  Is there a need for. A jury trial, unless you're raising. An ineffective assistance claim. Which I didn't see in the brief. No, your honor. There's no ineffective. Assistance. Claim. I think I need a 22 55. To do that. But. With respect to. The Supreme court saying that a jury trial was necessary. That wasn't the holding. The narrow concurrence was that 35 83 K was unconstitutional. And the matter needed to be remanded. To this court to determine what the appropriate remedies should be. And perhaps that was a jury trial. Mr. Hayman's case. Here. Mr. Shakespeare. And it's very apparent from the record. Was never informed that he had any sort of right. To jury proceeding with respect to the revocation. Of a bench. When the judge advised him. In conjunction with his stipulating to the violation conduct. The judge said, well, Hey. If you don't stipulate, you'll just be entitled to a bench trial. And a finding by the preponderance of the evidence. So that waiver wasn't knowingly involuntary. On Mr. Shakespeare's part. Also. Despite the. Ineffective assistance issue. Your honor, I, I patently believe it was ineffective assistance of council. I don't know why. Why council was unaware of this case. It's right there. Plain as day. In the West statutes right after the statute. It says deemed unconstitutional. By United States versus Hayman. And I think we have a pure legal claim. But we're not in the 22 55. Posture. I think my hands are tied. In terms of raising that ineffective assistance. Claim. And I think we have a pure legal claim. Given Haman. Do we have a pure. Instance of plain air. With respect to Mr. Shakespeare. He was harmed exactly the same as Mr. Haman.  Was harmed. Was harmed in his circumstances. We're the same. Once the violation was found by the district court, whether it was in Haman's case or Shakespeare's case. All of a sudden 35 83 case brings up. And removes any discretion from that district court. And now Mr. Shakespeare. Who committed a zero to 15. Offense in the first instance is subject to a five to life. Sentence just on the rebel. Are you saying that. A mandatory minimum. Set by Congress. Is unconstitutional. In the revocation conduct context. I believe absolutely your honor. It is. I just wanted to understand your position. Thank you, your honor. And I'm out of time. Well, you're saying. You're saying it's unconstitutional, but it's not. Unconstitutional. If there's proof beyond a reasonable doubt before a jury. Correct. That could be a potential remedy. However, that remedy won't work here because. Then we run into that double jeopardy issue. Because Mr. Haman. Excuse me, Mr. Shakespeare was also convicted. Of the new offense. You can't have both as my position. You can't have. A new prosecution. Subject to the protections of the constitution. And then a revocation prosecution for the exact same. Conduct with a secondary. Let's divide. Off the. The double jeopardy issue aside from the double jeopardy issue. Stay. Mr. Shakespeare was not prosecuted. For the new offense. Okay. Then his probation. I'm sorry. Could be revoked. If there was a proceeding in which a jury found him. Guilty. Beyond a reasonable doubt. Is that not correct? Yes. I'm very hesitant to say yes, we would have to have a full blown. Criminal trial. Because it really concerns me. Because the federal rules of evidence say that the rules of evidence don't apply to revocation. Proceed. This needs to be a very, very formal. And trial like proceeding. If, if that's the road we're going to. Going to go down. Well, when Booker was before the Supreme court. For justices. Would have adopted that view. For sentencing under mandatory guidelines. Am I correct about that? Justice Steven's opinion. Express that view. That the Booker problem with the sixth amendment. That the sixth amendment. Could be solved by just requiring. Proof beyond a reasonable doubt by jury. And. That opinion thought that was consistent with the statute, with the sentencing guidelines statute. So I assume that that would also be. At least a probability. Possibility.  I'm not sure. When we're talking about clear air or plain air here. When four justices. Wait to proceed. It's hard to say that it would be. To go. To go with that remedy. Okay. No, I certainly recall. Booker and we. I believe we have a Booker problem here with, with the issue of 35 83 83 K removing a judge's discretion. But with respect to the. Jury finding. We better have all the protections. Of the, of the six amendment and the federal rules of evidence. If we're going to go down that route. This is a very. I'd be surprised if the judge wouldn't apply the usual rules. In such proceeding, but. Okay. Are there any further questions? No. Thank you, Mr. Jackson. Mr. Valentini. Good morning. May please the court. My name is Francesca Valentini. And I represent the United States. And I'm here to speak on behalf of the Supreme court. On this case. Mr. Shakespeare has shown no violation of his jury. Jury trial. For double jeopardy rights. And certainly not under. Review that applies in this case. Neither the Supreme court. Nor this court. As ever founded jury right violation in a case like this one, which a defendant admitted the relevant fact. The Supreme court has made that. It's made clear time and again. That the right to a jury trial does not extend to facts. But admitted by the defendant. He says, so in a friendly. In Blakely versus Washington. The same point in the United States versus Booker. And then in Cunningham versus California. Among other cases. The score to has made the point time and again, Including the United States versus Porter. And in some bond decision. 2005. United States versus. And. In the case of the book. When Salas where that. When Salas where that is. Particularly. In line in case in this respect, because it was decided shortly after Booker. And in that. In that case, this court explained. That where the defendants were a sentencing that occurred before. And based on the mandatory guidelines. Was based solely upon facts admitted by the defendant. And in that case. The court. Calculated the maximum sentence. Any error under Booker was. Non-constitutional. I mean, in the defendants, six of them are right. The right to a jury trial. Was not violated. Those circumstances. And nothing in Cayman. Nothing in Cayman upsets this longstanding principle that admitted facts. The word defendant admits facts. It does not have a right to a jury trial. In fact, In the case of Cayman, In the case of Cayman, Cayman confirmed. The same point. In the specific context. Of section 3583 K. Justice. Plurality opinion make clear that the jury trial rights does not extend back to admitted by the defendant. And just as briars concurrence to identify the fact that. And I emphasize a judge. Found that the defendant committed. The. In some of the enumerated offenses in 35. 83 K as opposed to those facts. Or found by the jury. As one of the three decisive. Considerations. The waiting. Favor of extending. The jury. Right to a jury trial. Here are Shakespeare. And there's no. No confusion about that. And there's no. Good about that. I made it all the relevant. All the relevant facts. The fact that he had. Not once, but twice. And both times in open court. He admitted the relevant facts. The fact that yet. Rape a minor. When he pleaded guilty to the charges. In case number 20. Dash one 24. And he admitted them again. At the rebel. Hearing under. 3583 K. After invite. After defense counsel. Actually invited the court. Judicial notice of the guilty plea. And the jury. Satisfied the factual statement. The factual. Predicate. For that revocation. And. At a minimum. As judge. When. Before. Any. Concern under the. Sixth amendment. Right to jury trial. Will not rise. The level of. Plain error. Which is the standard. Which I understand. My friend on the other side. Acknowledges. And a college in the brief. Applies in this case. So we. For that reason. We don't think there is. Any plausible argument that. Mr. Shakespeare six amendment rights were violated in this case. The next point I wanted to touch with. Very briefly is. This notion of this possibility that. Section 3583 K. Might be. Facially unenforceable. I understand. My friend on the other side to have. Considered an abandoned that point. In the reply. Where it makes clear. And responding to that. Because we did. Not agree with the. The issue of. Facial unenforceability. As a potential remedy. Under. And I understand. My friend on the other side to have abandoned that issue in the reply. Page seven and eight. They say it is Mr. Shakespeare position. The section of 3583 K is unenforceable in this circumstance. Because it was separate prosecuted. And sentenced for the new offense. That is that goes to the double jeopardy claim, but does not advance. The. Sort of a remedial arguments. If you will. And I, as I understood. My friend, my colleague on the other side's presentation today. There is no claim in this case. That section 3583 K. Facially unconstitutional. And even if there were a claim. Of that sort. As judge hearts also mentioned. Just a few minutes ago. That would not raise to the right. To the level of planar review on the roof. 52. And the Supreme court's president. In my cases. The last issue that I wanted to touch on very briefly. Is double jeopardy. To prevail on a cumulative punishment. Double jeopardy violation claim. Mr. Shakespeare. We'll have to show. To show two things. Both under the heightened planar standard. First, that is 3583. K.  And the second. The revocation sentence was jeopardy. For a new offense within the meaning of the double jeopardy clause. And second, the Congress did not intend it to penalties. To be used cumulatively to be available. Johnson. Versus the United States. For closes the first. The first claim. And the. The fact that 3583 K. Was enacted by Congress against the backdrop of that case. Further. Forecloses the second. Of the two requirements. The Shakespeare's will have to satisfy in this case. Unless you're honest. I have any further questions for those reasons. We think that Shakespeare does not come close. In this case. Oh, what about the. The. Comment by Mr. Jackson, that. This court's opinion in Hammond one. Said that prosecution. In addition to revocation. Statute. Would be a violation of the devil jeopardy clause. How do you respond to that? I think the response to that. Well, first of all, Haman one was vacated, but. On review. In Haman. Part of it can be vacated. And the rest remains. Authority within the circuit. Right. But especially. In the case that came on where the contested issue was. Was precisely. What is the nature of this 35 83 K proceeding? And what is the basis? Will the constitutional on constitutional. The comments, which by the way, as your honor. And that was going to be my second point. In Haman one would go with the rest of the holding. The spring court in a splinter decision, obviously. But the, the, the, the, the, the, the, the, the, the, the, the.  The, the, the, the, the, the, the, the, the, the, the, the, the. The endorse it endorsed different rationales. But there's a plurality and a concurrence. And so against that back. Back backdrop. The idea that he will want sort of remains. Presidential for a point like double jeopardy. That was not actually presented. In him on one or two. That only addressed. During trial. We will be several steps. And that gets me to the second point, which is. As your honor also pointed out before. In Haman one. In Haman one. Any comment about double jeopardy. In Haman one would have been victim. And in any event, the language that the sport used in discussing double jeopardy confirms. It was a most. If you will. Just during. Potential issue. It was not making any sort of holding. Double jeopardy. And again, certainly not in holding. That will survive. The Supreme court's. Review of that issue. And back there. I'm happy to answer any questions. That your honors may have. About this issues. But unlike. Unless your honors have any further questions. We would ask. The court to affirm the judgment of the district. Thank you. Thank you. Counsel. I think you stole your time. Did you not Mr. Jackson? I did. I used my time and then some, I'm happy to answer any questions. Yeah. I think we're kind of out of questions right now. So. Thank you. Counsel. Thank you.